UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

WISE, OLIVIA M.,   Chapter 7
                  Case No. 17-45621-tjt
  Debtor.          Hon. Thomas J. Tucker
_____/

NORMAN H. WISE,

  Plaintiff,       Adv. Proc. No. 17-04534

v.

OLIVIA M. WISE,

  Defendant.
_____/

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO DETERMINE SUFFICIENCY OF PLAINTIFF'S RESPONSES TO
<u>DISCOVERY REQUESTS AND FOR OTHER RELIEF</u>**

*NOW COMES* Olivia M. Wise, Defendant, by and through her attorneys, Silverman & Morris, P.L.L.C., and files this memorandum in support of her Motion to Determine Sufficiency of Plaintiff's Responses to Discovery Requests and for Other Relief ("Motion").

## <u>Background</u>

This adversary proceeding was commenced on July 24, 2017, with the filing of an Adversary Complaint ("Complaint") by Plaintiff, Norman Wise, against Ms. Wise. In the Complaint, Plaintiff asserts that his claim against Ms. Wise is non-dischargeable

pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6). Plaintiff also asserts that Ms. Wise should be denied a discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(3), (a)(4), (a)(5) and (a)(6). The United States Trustee also filed a complaint pursuant to § 727 making similar allegations.

The principal claims by Plaintiff and the United States Trustee are that Defendant defrauded Plaintiff out of proceeds of certain real property, then transferred those proceeds with the intention of hindering, defrauding or delaying a creditor, and finally made false oaths in the schedules and other documents filed by her in this bankruptcy case.

Defendant will establish that it was her father who duped her into a tax-evasion scheme, exposing her to significant income-tax liability. When Ms. Wise attempted to have her concerns addressed, her father and his attorneys pursued a scorched-earth strategy. The Defendant spent money defending herself against several lawsuits and trying to provide for her children after her father took back the "company car" he had provided to her and evicted her from the house which he had agreed to convey to her. The discovery requests are intended to gather information and establish facts to enable Ms. Wise to defend herself. This is the purpose of discovery.

Pursuant to the Adversary Proceeding Scheduling Order issued on September 18, 2017, and the Report of Parties' Rule 26(f) Conference ("Report"), filed on September 13, 2017, discovery is to be completed by December 22, 2017. Also pursuant to the Report, discovery may be taken as to all claims and defenses.

## Discovery Requests

On September 22, 2017, Ms. Wise filed (Docket No. 10) and served, upon Plaintiff, Defendant's First Set of Requests for Admissions, Interrogatories, and Requests for Production of Documents to Plaintiff ("Discovery Requests"). A copy of the Discovery Requests is attached to the Motion as **Exhibit 5**.

In the Discovery Requests, Ms. Wise issued 22 requests for admission ("Requests for Admission"), 3 interrogatories ("Interrogatory(ies)"), and 4 requests for production of documents ("Document Request(s)"). As permitted by Rules 7036 and 36, the Requests for Admission asked Plaintiff to admit to (i) certain facts, (ii) the application of law to fact, and/or (iii) opinions about either.

In particular, the Requests for Admissions asked Plaintiff to admit various facts relating to the sale of the Royal Oak property, the tax implications relating to said sale, representations made to Ms. Wise relating to the sale, the financial support to be provided by Plaintiff to Ms. Wise, litigation against Ms. Wise which was commenced and/or financed by Plaintiff, and communications relating to the foregoing.

In Interrogatory No. 2, Ms. Wise sought information about Plaintiff's witnesses, including experts. Plaintiff has a duty to disclose any expert witness pursuant to Rules 7026 and 26(a)(2).

In Document Request No. 1, Ms. Wise sought copies of the exhibits to be used by Plaintiff. This information is also required to be disclosed by Plaintiff pursuant to Rules 7026 and 26(a)(1)(A)(ii).

In Document Request No. 3, Ms. Wise sought Plaintiff's 2016 federal income tax return. In Document Request No. 4, Ms. Wise sought the bank account statements for Plaintiff, R.G.P., Inc. and HAI for the month of May, 2016.

In response to the Requests for Admission, Plaintiff was required to admit each matter, specifically deny each matter, or state in detail why he could not truthfully admit or deny the matter. F.R.B.P. 7036 and Fed. R. Civ. P. 36(a)(4). In lieu of such a response, Plaintiff was required to assert <u>specific</u> objections to the request. *In re Haynes*, 2017 Bankr. LEXIS 2265 *17 (E.D. Tenn.) (objections to discovery require specificity). Specific objections were also required as to the Interrogatories and the Document Requests. *Id*.

On October 20, 2017, Plaintiff responded ("Discovery Responses") (Docket No. 14) to the Discovery Requests. A copy of the Discovery Responses is attached to the Motion as **Exhibit 6**.

In responding to each of the 22 Requests for Admission, Plaintiff issued the identical response (the "Boilerplate Objections"):

> Plaintiff objects because this request is not relevant to any party's claim or defense and not proportional to the needs of the case. The request is intended solely to subject Plaintiff to annoyance, embarrassment, and undue burden or expense, and as such, this court should issue an order pursuant to Fed. R. Civ. P. 26(c) forbidding the discovery.

In responding to Interrogatory No. 2, Plaintiff not only failed to identify any witnesses (or their expected testimony), but objected to the need to supplement his response, stating:

> Plaintiff has not yet made any determinations as to the witnesses, if any, to be used at trial. To the extent this request requires further response, Plaintiff objects on the grounds that it seeks information and mental impressions of counsel protected by the attorney work product privilege.

Similarly, in responding to Document Request No. 1, Plaintiff asserted a nearly identical objection:

> Plaintiff has not determined which documents or other exhibits, if any, he intends to introduce at trial. To the extent this request requires further response, Plaintiff objects on the grounds that it seeks information and mental impressions of counsel protected by the attorney work product privilege.

Plaintiff also objected to Document Request Nos. 3 and 4, on the grounds that the Document Requests were not relevant, and were intended to subject Plaintiff to annoyance, embarrassment and undue burden and expense.

## **Law and Argument**

Pursuant to Rules 7026 and 26, parties may obtain discovery regarding any nonprivileged matter that is relevant to a claim or defense, and proportional to the needs of the case, considering the importance of the issues at stake in the litigation, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. The information sought need not be admissible to be discoverable.

Information is relevant if it has any tendency to make a fact that is of consequence more or less probable than it would be without the evidence. F.R.E. 401. In determining whether information is relevant, the item sought need not independently establish its significance; the item may be a building block with other evidentiary items to prove or disprove a particular proposition. *United States v. Quicken Loans, Inc.*, 2017 U.S. Dist. LEXIS 80996 *12 (E.D. Mich.).

The Discovery Requests seek relevant information. Plaintiff has asserted, *inter alia*, that real property was transferred by Plaintiff to Ms. Wise in connection with an agreement whereby Plaintiff was to provide Ms. Wise with certain support, that after the real property was sold, Ms. Wise misappropriated the sale proceeds, and that Ms. Wise used the sale proceeds to pay certain expenses. In the Discovery Requests, Ms. Wise seeks information relating to the agreement reached by the parties, the terms of that agreement, and the parties' understandings relating to the agreement. Ms. Wise also seeks information relating to the tax implications of the agreement, both as they were represented to her and as they actually exist under the law, circumstances relative to the execution of a deed relating to the property, the steps taken by Plaintiff after the property was sold, and the litigation expenses incurred by Ms. Wise as a result of various actions taken by Plaintiff. Ms. Wise also seeks documentation relating to the

sale and the sale proceeds, any tax treatment by Plaintiff relating to the proceeds, and other issues relating to the complaint.

The following explanation of the relevance of the discovery requests was provided by Defendant's attorney to Plaintiff's attorney in an attempt to resolve the discovery dispute and avoid the instant motion:

> *The specific defenses to which the discovery sought by my client relates are her denials that she committed fraud, willfully or maliciously caused injury to your client, or transferred assets with the intention of hindering, delaying or defrauding creditors – possibly all of her defenses.*
>
> *The facts I seek to have admitted will specifically show that the transfer of title to the Royal Oak property was your client's idea, that his accountant misled Ms. Wise into participation in the scheme, that she was told that the duration of the period during which she held title to the property would figure into the allowance of the tax exemption, that she expressed concern that your client's delay in the conveyance was putting the tax exemption at risk, that following the closing Ms. Wise attempted to have her concerns addressed, and that your client and/or your law firm share responsibility for the failure to reach a settlement. This is relevant to show that Ms. Wise did attempt to reach settlement. Such attempt(s) show that she did not act with intent to deprive Mr. Wise of property claimed to be his.*
>
> *The facts include that she had been furnished a car by Mr. Wise's company, and that the demand that she return the car, coupled with her need for transportation, explains her purchase of a new automobile. The Debrin Wise litigation shows an additional instance of my client being forced to defend herself, and helps to explain her legal expenses and supposed "dissipation" of the proceeds. The funding by Mr. Wise of the expenses of Debrin Wise would show the responsibility of Mr. Wise for the situation (spending money on attorney's fees) for which Ms. Wise is blamed. The bank statements I have requested may show an attempt to defraud my client by taking control of the sale proceeds. The tax return will show his tax treatment of the sale of the home, which is necessary for me to be*

> *able to present the court with an explanation of the tax issue in a concrete fashion rather than abstractly. The absence of Susan Wise from Michigan on the date that her signature was acknowledged by a deed purportedly signed in Michigan provides circumstantial evidence of Mr. Wise's fraudulent behavior. Generally, I need the admissions and other discovery responses so that I will know what facts are in dispute so that I can prepare for trial.*

The use of boilerplate objections is inconsistent with the discovery rules, obstructs the discovery process, violates numerous rules of civil procedure, and imposes unnecessary costs on litigants. *Haynes*, 2017 Bankr. LEXIS at *16-17. In fact, most courts will not consider such objections, and will deem such objections as having not been made. *Lowe v. Vadlamudi*, 2012 U.S. Dist. LEXIS 122112 *7, 2012 WL 3731781 (E. D. Mich.) (boilerplate or generalized objections are tantamount to no objection and will not be considered by court); *Haynes*, 2017 Bankr. LEXIS at *16 (boilerplate objections can be treated by court as no objection at all); *Nissan North Am., Inc. v. Johnson Elec. North Am., Inc.*, 2011 U.S. Dist. LEXIS 16006 *4 ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court"); *Sungjin Fo-Ma, Inc. v. Chainworks, Inc.*, 2009 U.S. Dist. LEXIS 58059 *6, 2009 WL 2022308 (E.D. Mich.) (boilerplate or generalized objections tantamount to no objection at all; although plaintiff's objections were timely, court deemed boilerplate objections as not having been asserted); *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 U.S. Dist. LEXIS 1768 *12, 2001 WL 34059032 (W.D. Mich.) (defendants asserted boilerplate objections to virtually all discovery requests; court strongly condemned practice of asserting such objections to every discovery request).

Pursuant to Rules 7036 and 36(a)(6), the requesting party may move for a determination of the sufficiency of a response. The party resisting discovery must show specifically how each discovery request is not relevant or is overly broad, oppressive or burdensome. *Haynes*, 2017 Bankr. LEXIS at *17. If an objection was not justified, the court must order that an answer be served. If an answer was insufficient, the court may order either that the matter is admitted or that an amended answer be served.

Plaintiff did not assert any meritorious objections to the Requests for Admission, but simply asserted the Boilerplate Objections. These objections, being generalized objections, should be treated as no objection at all. Since Plaintiff did not respond to the Requests for Admission, they should be deemed admitted. Alternatively, Plaintiff should be ordered to answer them.

Plaintiff should also be compelled to respond, without objection, to Interrogatory No. 2, and produce the documents requested in Document Request Nos. 1, 3 and 4. Simply asserting, without specificity, that a discovery request is not proportional, or is unduly burdensome or not relevant, is not sufficient. The party opposing discovery must show why a request is not discoverable. *Haynes*, 2017 Bankr. LEXIS at *21-22.

## Discovery Sanctions

If the Court grants a motion under Rules 7036 and 36(a)(6), then pursuant to F.R.B.P. 7037 and Fed. R. Civ. P. 37(a)(5), the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorney fees.

As required by Rules 7037 and 37(a)(5), between October 26 and 30, 2017, Ms. Wise's counsel attempted, in good faith, to obtain the requested discovery from Plaintiff's counsel without court action. Ms. Wise's counsel was unsuccessful.

This Motion was necessitated by Plaintiff's failure to properly and adequately respond to the Discovery Requests. Ms. Wise is entitled to an award of costs, including attorney fees, from Plaintiff.

## Conclusion

***WHEREFORE***, Ms. Wise respectfully requests that the Court grant her Motion, deem each of the Requests for Admission as admitted by Plaintiff, require Plaintiff to respond to Interrogatory No. 2, require Plaintiff to produce the documents requested in Document Request Nos. 1, 3 and 4 (and the documents requested in Document Request No. 2, those being documents identified in other discovery responses), and award Ms. Wise costs (including attorney fees).

                                          **SILVERMAN & MORRIS, P.L.L.C.**

                              By:    */s/ Thomas R. Morris*
                                    Thomas R. Morris (P39141)
                           Attorneys for Debtor / Defendant.
                           30500 Northwestern Highway, Suite 200
                           Farmington Hills, MI 48334
                           (248) 539-1330   Fax: (248) 539-1355
                           morris@silvermanmorris.com

Dated: October 31, 2017