UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 17-45621

OLIVIA WISE,  Chapter 7

                Debtor.  Judge Thomas J. Tucker
_____/

NORMAN WISE,

                Plaintiff,

v.  Adv. Pro. No. 17-4534

OLIVIA WISE,

                Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION ENTITLED
"DEFENDANT'S THIRD MOTION FOR DISCOVERY SANCTIONS"**

**I. Opinion**

      This adversary proceeding is before the Court on the motion by Defendant entitled "Defendant's Third Motion for Discovery Sanctions" (Docket # 104, the "Motion"). Plaintiff filed a response objecting to the Motion (Docket # 106), and Defendant then filed a reply brief in support of the Motion (Docket # 108). The Court has reviewed all of these items carefully, and concludes that a hearing on the Motion is not necessary. The Court further concludes that the Motion should be denied, based on the following considerations and reasons.

      The Court finds that Plaintiff's amended response to Defendant's Request to Admit No. 14, filed December 28, 2017 (Docket # 38 at pdf pp. 7-8) was false when made. But the record is not clear as to who is responsible for the false answer — Plaintiff's attorney who signed and filed

the amended response, or Plaintiff himself (who did not sign the amended response), or both.

The amended response stated as follows:

> **Request to Admit No. 14:** Admit that Susan Wise was not in Michigan on March 9, 2016.
>
> **Answer:** Plaintiff lacks knowledge or information sufficient to admit or deny this request, has made reasonable inquiry, and the information known or readily obtainable by him is insufficient to enable him to admit or deny.

The testimony given on May 22, 2018 at trial by Plaintiff Norman Wise shows that Plaintiff ***did*** know that Susan Wise was not in Michigan on March 9, 2016. Norman Wise testified:

> Q: Where was Susan Wise on March 9, 2016?
> A: She was in Florida.
> . . .
>
> Q: You knew where -- where Susan Wise was on March 9, 2016, isn't that a fact?
> A: Yes.[1]

The Court cannot determine, on the present record, whether it is Plaintiff Norman Wise alone (for example, because he gave his attorney bad information), or Plaintiff's attorney alone (for example, because he did not base the admission request response on any information provided by Plaintiff), or both of them, who is/are responsible for this false admission request response. In order to determine that, the Court would need to hold a further evidentiary proceeding, such as an evidentiary hearing. In its discretion, however, the Court declines to order any further evidentiary proceeding on this subject, based on the considerations stated below.

Even if the Court could presently determine who is responsible for Plaintiff's false admission request response (the choices being Plaintiff, Plaintiff's attorney, or both), the Court

---

[1] May 22, 2018 Trial Tr. (Docket # 73) at 95, 99.

would exercise its discretion to decline to grant any relief to Defendant. And the Court exercises such discretion now to deny any relief to Defendant, despite the falsity of Plaintiff's amended admission request response. This is so for the following reasons:

- As Defendant essentially admits, the subject matter of the false admission request response was utterly unimportant to the prosecution, defense, or outcome on the merits of this adversary proceeding.[2]

- Defendant suffered no prejudice whatsoever because of the false admission request response.

- Defendant incurred no additional attorney fees or expenses whatsoever, and certainly no *reasonable* attorney fees or expenses whatsoever, because of the false admission request response.

- Because of the Judgments being entered today in this adversary proceeding, and in Adv. No. 17-4535 (*McDermott v. Wise*), the dismissal of this adversary proceeding as a remedy for the false admission request response, as requested by Defendant, would do Defendant no good whatsoever. Defendant is being denied her discharge in each adversary proceeding, on the very same grounds under 11 U.S.C. § 727(a). Dismissal of this adversary proceeding, as requested by Defendant, would still leave Defendant with the same denial of discharge in the *McDermott v. Wise* adversary proceeding. And as part of the Judgment the Court is entering today, all of Plaintiff Norman Wise's claims in this adversary proceeding are being dismissed anyway (as moot), other than the two § 727(a) counts that are identical to those on which the United States Trustee is prevailing in the

---

[2] *See* Def.'s Memorandum in Supp. of Mot. (Docket # 104-3) at pdf pp. 6-7.

*McDermott v. Wise* adversary proceeding.

For the foregoing reasons, the Court will decline to grant any relief for Defendant on Defendant's Motion, and instead will deny the Motion. The Court also will deny *Plaintiff's* request for attorney fees, for having to respond to the Motion. The Court finds that the Motion raised a serious matter, was not filed for any improper purpose, and was certainly not frivolous.

## II. Order

IT IS ORDERED that the Motion (Docket # 104) is denied, in its entirety.

IT IS FURTHER ORDERED that Plaintiff's request for an award of attorney fees for having to respond to the Motion is denied.

**Signed on September 28, 2018**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**